NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 09-2585

UNITED STATES OF AMERICA

v.

ANGEL LOUIS PENA,

Appellant

Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 3-08-cr-00707-001)
District Judge: Hon. Garrett E. Brown, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2010

Before: McKEE, Chief Judge,
SLOVITER and RENDELL, Circuit Judges

(Filed: January 25, 2011)

OPINION

McKEE, Chief Judge.

     Angel Louis Pena appeals the sentence of 66 months incarceration imposed after

he pled guilty to one count of conspiracy to distribute and possess with intent to

distribute,  500 grams or more of cocaine in violation of  21 U.S.C. §§ 841(a)(1),

841(b)(1)(B) and 846.  For the reasons that follow, we will affirm.[1]

---

[1] We have jurisdiction to review the district court's sentence under 28 U.S.C. § 1291 and
18 U.S.C. § 3742(a).

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the facts or procedural history.

Pena argues that the late disclosure of the identity of a witness who testified against him at his sentencing violated his due process rights under the Fifth Amendment because he was denied a meaningful opportunity to cross-examine the witness about matters contained in the Presentence Investigation Report ("PSR"). Essentially, Pena argues that the district court violated Rule 32 of the Federal Rules of Criminal Procedure by admitting the witness' testimony.

A district court's decision to admit or exclude evidence at sentencing is reviewed for abuse of discretion. *United States v. Olhovsky*, 562 F.3d 530, 543 (3d Cir. 2009). Insofar as Pena's Rule 32 claim implicates the district court's application of the Sentencing Guidelines or alleges a constitutional violation, our review is plenary.[2] *United States v. Warren*, 338 F.3d 258, 263 (3d Cir. 2002). Rule 32 requires that a sentencing court "allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(C). The Rule is intended to "ensure that the defendant is made aware of the evidence to be considered and potentially used against him at sentencing, and is provided an opportunity to comment on its accuracy." *United States v. Nappi*, 243 F.3d 758, 763 (3d Cir. 2001).

---

[2] The Sentencing Guidelines provide that disputes as to sentencing factors are to be resolved at a sentencing hearing in accordance with Rule 32(i). U.S.S.G. § 6A1.3(b).

Pena's due process/ Rule 32 claim is not supported by the record. The district court noted that the government's sentencing memorandum included the information that was the basis of the witness' testimony and that it supported an enhancement for obstruction of justice. A126:11-127:2. The district court also noted that the information was referenced in Pena's PSR. A124:19-24. Pena had access to these documents for several months in advance of his sentencing hearing. Prior to providing the information, the government had given timely notice that it would present testimony at sentencing regarding these matters. A:53. We find that the district court reasonably concluded that Pena "had adequate notice" of the information forming the basis of the obstruction enhancement. A127:3.

Moreover, common sense would suggest that there are situations where the identity of a government witness should not be revealed to a defendant in advance of the witness actually testifying against the defendant. Where, as here, that procedure does not "blind-side" the defendant or deprive him of a meaningful opportunity to test the witness' credibility, the defendant has no justifiable claim of error.

It is a "well established principle that the government is not automatically required to disclose the name of a witness." *Gov't of V.I. v. Martinez*, 847 F.2d 125, 128 (3d Cir. 1988). Moreover, even if the district court did actually violate the letter of Rule 32 by allowing the witness to testify, Pena fails to demonstrate that, had he known the identity of the witness, "he would have done something by way of argument or proof . . . that probably would have impacted upon the Court's sentence." *Nappi*, 243 F.3d at 770.

Pena does not discuss any arguments, lines of questioning, nor anything else that he would have done differently had he received prior notice of the witness' identity. Thus, even if we assume *arguendo* that allowing the witness to testify was error, it was clearly harmless error. *United States v. Himler*, 355 F.3d 735, 742 (3d Cir. 2004). *See also*, *United States v. Carey*, 382 F.3d 387, 392 (3d Cir. 2004).

Pena does now submit telephone records as evidence that the witness falsely testified that he had not attempted to contact Pena after Pena's release from jail. A:155-162. The government responds by arguing: "[t]here is no reason to believe that had the Court known about the witness's misstatement about his single contact with Mr. Pena, the Court's assessment of the witness's testimony on the unrelated issue of threats . . . would have . . . changed." Appellee's Br. at 22. We agree.

Accordingly, we conclude that the sentencing court did not abuse its discretion in allowing a witness to testify at Pena's sentencing hearing without requiring the government to disclose the identity of the witness to the defendant in advance of the sentencing hearing. The "[a]dmission of evidence is an abuse of discretion if the district court's action was arbitrary, fanciful or clearly unreasonable," and "[w]e will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view." *United States v. Tomko*, 562 F.3d 558, 565 (3d Cir. 2009) (citing *United States v. Frazier,* 469 F.3d 85, 87-88 (3d Cir.2006)).

For the reasons set forth above, we affirm the district court's sentence.